**STATE of Missouri, Respondent,**

v.

**Harry Lee McMULLIN, Appellant.**

**No. 45236.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 12, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1982.

Raymond M. Weber, Ste. Genevieve, Kenneth A. Seufert, Public Defender, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, John G. Meyer, Pros. Atty., Perry County, Perryville, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Harry Lee McMullin guilty of stealing. Defense was insanity. The court sentenced him as an habitual criminal to 15 years in prison.

On this appeal defendant does not challenge the evidence of stealing. He had pled insanity and now briefs two points: Improper instruction on insanity, and overruling his objection to a hypothetical question.

Defendant's evidence by two psychiatrists was that he had a mental disease that prevented him from knowing the nature of his actions.[1]

One of the doctors testified defendant had said he'd been drinking. At the close of the evidence *on the state's motion* the court ordered stricken the testimony about defendant being drunk at the time of the offense.

As said, defendant now contends the court erred by giving Instruction MAI–CR 2.32 defining mental disease. This, by erroneously adding the prescribed but optional parenthetical phrase "(except alcoholism without psychosis)".[2] Note on Use 2. to the instruction declares this phrase should be omitted unless the evidence justifies it. There was no evidence of intoxication to be considered by the jury. The challenged instruction authorized the jury to do just that. This was reversible error.

Defendant's second point concerns the challenged hypothetical question. We need

---

1. "From my evaluation, I have concluded that Mr. McMullin has a mental disease and as a result of the mental disease he was unable to know the nature and consequences of the actions he was involved in."

2. Defendant had offered the same instruction without the now challenged phrase.

not rule on this; it probably will not arise on re-trial.

Reversed and remanded.

REINHARD, P.J., and SNYDER and CRIST, JJ., concur.